## CLARK v. HUBER.

A TENANT in common, although he may as against a stranger recover in ejectment the entire premises, cannot in such action recover the whole of the mesne profits or damages for the detention, but only a proportionable part corresponding to his interest.

Where in an action of ejectment, tried by the Court without a jury, a judgment was rendered in accordance with the allegations of the complaint and the finding of facts by the Court for the possession of the premises, and for double the amount of damages to which the evidence showed that the plaintiff was entitled, and for this error a new trial was, on motion of defendant, ordered, from which order the plaintiff appealed, assigning as error that the Court below should, instead of granting a new trial, have allowed plaintiff to remit the excessive damage : *Held*, that this Court would not reverse the order; that, although the Court below might have ordered the judgment to stand on remission of the excessive damage, yet its action was a pure matter of discretion, which this Court will not review upon appeal.

Where there is a discrepancy between the finding of facts and the judgment, this Court may, on appeal, order the proper modification of the judgment; but where the judgment is in harmony with the pleadings and the finding of facts, and is erroneous by reason of a variance between the finding and the proof, this Court will not modify the judgment to suit the proof.

APPEAL from the Third Judicial District.

The facts are stated in the opinion.

*J. Clarke*, for Appellant.

I.    The order for a new trial was made on the ground of supposed error of law arising on the trial, and therefore, there being no question of discretion, or abuse of discretion, in the case, this Court will review the question of law ; and if it differ with the

Clark *v.* Huber.

Court below, will reverse the order for a new trial and direct the judgment to stand. (*Patterson* v. *Ely*, 19 Cal. 28.)

II.  The Judge below should not have forced the plaintiff to a new trial, because he had offered no proof as to one moiety of the mesne profits, but should have given the plaintiff the election to abandon or release his cause of action as to that moiety or submit to a new trial.  This, plaintiff would cheerfully have done, had the point been made ; the defendant being utterly insolvent, and the judgment for mesne profits being of no value.  This Court, it is believed, will adopt the same course; and to that end the plaintiff hereby offers to release the moiety, or indeed the whole of the judgment for mesne profits, but asks that the judgment for the possession of the land may stand.

*L. Archer*, for Respondent.

NORTON, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

This is an action of ejectment.  The plaintiff claimed to be seized in fee and entitled to the possession of the whole of the premises described in the complaint, and to be entitled to damages for withholding the possession since the second day of April, 1859. The Court, before whom the case was tried without a jury, found that the plaintiff was entitled to the possession of the premises, and that the damages for the withholding were $1,566, and gave judgment that the plaintiff recover possession of the premises, and also recover the amount of the damages so found.  It appears from the evidence, however, that the plaintiff was only seized and entitled to the possession of an undivided half part of the premises, as a tenant in common with some other person not a party to this action ; and, on a motion made for the purpose, the Court set aside the judgment and ordered a new trial.  From this order the plaintiff appeals.

The plaintiff, though conceding that the judgment for the damages should only have been for one-half the sum awarded, claims that the Court should have given him the option to remit the excess of the damages, and allowed the judgment to stand upon his so do-

ing, and that this Court may now order that to be done. We think we cannot do this. The order of the Court granting a new trial was strictly correct; and, although the Court might have made an order allowing the judgment to stand upon the excess of damages being remitted, yet it was a pure matter of discretion. Not to have done so, cannot be considered an error which this Court can correct on appeal.

If the finding of the Court had been that the plaintiff was entitled to the possession of only an undivided half part of the premises, as a tenant in common with a person not a party to the action, then we might have corrected the judgment as to damages, and ordered it to be made to conform with the finding. But as it is, the judgment is in harmony with the finding and with the plaintiff's claim in his complaint, and this Court cannot correct the finding of fact.

Order granting a new trial affirmed, and cause remanded for further proceedings.