HARRIET N. TAYLOR et al.

v.

EFFIE HARMISON.

179    137
f93a  1670

*Opinion filed April 17, 1899.*

1. GIFTS—*when intended gift of notes is merely an attempted testamentary disposition.* The placing of notes, by the owner and payee, in envelopes marked with the names of particular persons, which are handed to a third person to deliver to the persons indicated in case "anything happened" to the owner "and he was planted," is an attempted testamentary disposition and not an executed gift, unless the owner intended to part with all control over the notes.

2. SAME—*delivery must be absolute to constitute a present gift.* In order that a delivery of property to a third person for the donee, during the donor's lifetime, may constitute a present gift the delivery must be absolute and unconditional, in which case the donee's assent may be implied.

*Taylor* v. *Harmison,* 79 Ill. App. 380, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of Fulton county; the Hon. G. W. THOMPSON, Judge, presiding.

O. J. BOYER, for appellants:

The notes in question, being gifts to the appellants, cannot be recovered for the purpose of being treated as assets of the estate of the former owner. *Martin* v. *Martin,* 164 Ill. 640; *Woodburn* v. *Woodburn,* 123 id. 608; 8 Am. & Eng. Ency. of Law, secs. 1349-1354; *Williams* v. *Guyle,* 22 N. E. Rep. 1071; *Duvall* v. *Dye,* 24 id. 246.

The delivery of a thing to a third person for the donee is valid. *Woodburn* v. *Woodburn,* 123 Ill. 608; *Alger* v. *Savings Bank,* 15 N. E. Rep. 916; *Scott* v. *Bank,* 2 id. 925; *Telford* v. *Patton,* 144 Ill. 608; *Duvall* v. *Dye,* 24 N. E. Rep. 246; *Darling* v. *Taylor,* 52 Iowa, 503; *Blazdel* v. *Lock,* 52 N. H. 238; *Williams* v. *Guyle,* 22 N. E. Rep. 1071.

It is not needful that the gift be made *in extremis,* when there is no time or opportunity to make a will, nor is it

necessary to the *donatio mortis causa* that the donor die from the same disease from which he apprehended death. *Ridden* v. *Thrall*, 26 N. E. Rep. 627.

The delivery was made by Whitnah to Shepley for the donees, and not as agent for himself, and his death did not revoke the gifts. The person to whom delivery is thus made will be presumed, in the absence of controverting circumstances, to take the property as trustee of the intended donees, and not merely as agent of the donor. *Duvall* v. *Dye*, 24 N. E. Rep. 246; *Telford* v. *Patton*, 144 Ill. 608; 8 Am. & Eng. Ency. of Law, 318; *Shackelford* v. *Brown*, 89 Mo. 546; *Martin* v. *Funk*, 75 N. Y. 134; *Hatch* v. *Atkinson*, 56 Me. 324; *Coleman* v. *Parker*, 114 Mass. 30; *Clough* v. *Clough*, 117 id. 83.

CHIPERFIELD, GRANT & CHIPERFIELD, for appellees:

The burden of proving a gift by clear and satisfactory evidence is upon him who claims it. 1 Woerner on Am. Law of Admr. secs. 57, 58; *Barnum* v. *Reed*, 136 Ill. 395; *Williams* v. *Chamberlain*, 165 id. 212; *Selleck* v. *Selleck*, 107 id. 395; *Manny* v. *Rixford*, 44 Ill. 133; *Gano* v. *Fisk*, 43 Ohio St. 462.

In all cases the presumption of law is against the gift. It must be established beyond suspicion. 2 Rice on Evidence, sec. 383, and cases cited; *Antrobus* v. *Smith*, 12 Ves. 44; *Conklin* v. *Conklin*, 20 Hun, 278.

From an imperfect gift a trust cannot be deduced. *Williams* v. *Chamberlain*, 165 Ill. 221; *Barnum* v. *Reed*, 136 id. 398; *Moore* v. *Moore*, 43 L. J. Ch. 623; *Trough's Estate*, 75 Pa. St. 118.

A gift *inter vivos* is such as one party makes to another without the expectation of death as a moving cause, and to its validity it is essential that the donor must be competent to contract; there must be freedom of will; the gift must be complete, with nothing left undone; the property must be delivered by the donor and accepted by the donee, and the gift must go into immediate and

absolute effect. 8 Am. & Eng. Ency. of Law, 1313, and cases cited; *Barnum* v. *Reed*, 136 Ill. 395; *Telford* v. *Patton*, 144 id. 611; *Williams* v. *Chamberlain*, 165 id. 210; *Richardson* v. *Richardson*, 148 id. 563; *Bovee* v. *Hinde*, 135 id. 137.

Though the intention of a party to make a gift is clear, yet in the absence of actual delivery his acts, to be equivalent thereto, if of a testamentary character, must be in compliance with the Statute of Wills. Proof of intention, however positive, cannot change title to property. *Williams* v. *Chamberlain*, 165 Ill. 210; *Comer* v. *Comer*, 120 id. 420; *Walsh's Appeal*, 122 Pa. 177.

In the case at bar there was no actual delivery by the donor, either to the donee or for his use. For that reason no valid gift was made. *Telford* v. *Patton*, 144 Ill. 619; *Williams* v. *Chamberlain*, 165 id. 218; *Ward* v. *Turner*, 2 Ves. Sr. 442; *Hatch* v. *Atkinson*, 56 Me. 324; *Drew* v. *Haggerty*, 3 L. R. A. 230; *Walsh's Appeal*, 1 id. 535.

To validate a *donatio causa mortis*, actual delivery is not only absolutely required, but actual delivery in such case means the manual tradition of the property by the donor. Words alone are not sufficient. *Williams* v. *Chamberlain*, 165 Ill. 217; 1 Woerner on Am. Law of Admr. sec. 61; *Hatch* v. *Atkinson*, 56 Me. 324; *Ward* v. *Turner*, 2 Ves. Sr. 442; *Huntington* v. *Gilmore*, 14 Barb. 245.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This proceeding originated in the county court of Fulton county under section 81 of the Administration act, for the purpose of discovering whether appellants had in their possession notes belonging to the estate of Andrew J. Whitnah, deceased, and upon a hearing the court found that the notes payable to said Andrew J. Whitnah in their possession were assets of said estate, and ordered them to deliver the same to the administrator. They appealed to the circuit court, where the case was heard *de novo,* and the court found likewise and entered a like order. They

again appealed to the Appellate Court, and that court affirmed the order.

At the hearing in the circuit court it appeared that the intestate, Andrew J. Whitnah, who was about eighty years of age, went on January 30, 1897, to the office of Abbott & Shepley, at Canton, Illinois, where he had notes aggregating about $25,000 kept in a tin box in their safe. One of the notes was for $4000, and he sent Shepley with it to the maker to collect the interest and have it divided into three notes to be made payable to him. This was done, and he then took all the notes, and, dividing them into five lots, put them in five separate envelopes and had the names of appellants severally written upon the envelopes. He handed these envelopes to Shepley and told him to put them in his tin box; that he wanted to make Shepley their custodian, and "if anything happened to him and he was planted" he wanted Shepley to deliver them and deliver them in person, and to tell appellants that the gift was from their father and grandfather. He also told other persons afterward, in substance, that he wanted to be his own executor, and wanted to fix his business so that when he died it would be settled, and that he had arranged his affairs and saw no use for an administrator. Whitnah died March 10, 1897,—forty days after the transaction,—and Shepley delivered the envelopes containing the notes according to said direction.

It was, no doubt, the intention of Andrew J. Whitnah that appellants should each have the notes contained in the envelope marked with the name of such appellant, but if this was done to obviate the necessity of a will, by making what amounted to a testamentary disposition of the notes, it would be invalid. If the intended gifts did not take effect as executed and completed gifts, but were to be completed by delivery after his death, it would be an attempted testamentary disposition of the notes. In order to complete the gifts it was necessary that there should be a delivery by which Whitnah parted with all

control over the notes, reserving no right to re-claim or re-possess himself of them. Such a delivery must be absolute, and the donor must part with all his present and future interest and control over the property. (*Barnum* v. *Reed*, 136 Ill. 388; *Telford* v. *Patton*, 144 id. 611; *Williams* v. *Chamberlain*, 165 id. 210.) Such a delivery may be made to a third person for the donee, and if the delivery is absolute and unconditional, so that the gift takes effect at once, the assent of the donee may be implied. (*Gordon* v. *Adams*, 127 Ill. 223.) The notes were handed over to Shepley, and if they were given to him as trustee or agent for appellants and he was accountable only to them the delivery would be valid, but if he was the agent of Whitnah, authorized to hold the notes as custodian and to deliver them after Whitnah's death, the transaction would not constitute gifts of the property. The question in the case is whether there was a valid delivery and in what capacity the notes were received by Shepley. He testified to the transaction substantially as above stated, and further stated that Whitnah said he was going to divide up with the children, and when he sent Shepley to have the note for $4000 divided into three notes, Shepley said: "You want those notes made to the children?" "No," he said, "make them to me. Those are my living children, and I want them to know where they came from," or something like that. With reference to this statement, four witnesses testified that Shepley, on the 27th day of March, shortly after the death of Whitnah, said that he asked Whitnah, when he went to get the notes renewed, why he did not make them payable to the parties, and that his reply was that he did not wish to do so; that he might live during the life of the notes and then might want to collect the notes or the interest on them. Shepley was not able to say whether he made that statement or not, but testified that if he did it was wrong. His recollection was then fresh, and the trial court might well conclude that the correct version was then given. If that

is so, there was no delivery to Shepley as trustee for appellants. The view that Whitnah did not part with the title and all interest in the notes is strengthened by the important fact that he did not endorse or assign them. If he had intended a present gift, to take effect at once and transfer the title, it is probable that he would have endorsed the notes.

We think the courts, where the facts have been considered, came to a correct conclusion, and that Shepley held the notes as the agent of Whitnah, with directions to distribute them after his death, for the purpose of obviating an administration of his estate. The transaction, therefore, did not constitute gifts of the property to the appellants.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*