ESDRAS B. TRUBEY, Appellee, vs. ARTHUR B. PEASE, Appellant.

*Opinion filed June 16, 1909.*

1. GIFTS—*delivery to agent of donor does not constitute present gift.*  A delivery of personal property by the owner to her attorney, as her agent, to deliver the same to the persons whom the owner intends to have the property, does not constitute a present gift, and if the owner dies before the agent has delivered the property the agency is revoked and no title passes to intended donees.

2. SAME—*delivery to a trustee is good but proof showing trust must be clear.*  While the title to personal property by gift may be passed by delivery of the property by the owner to another person as trustee for the donees, yet the person claiming the trust must establish the same by clear and satisfactory proof, and the words and acts relied upon must clearly and unequivocally show the donor's intention to create a trust.

3. SAME—*when a receipt for personal property does not show completed gift.*  A receipt given by an attorney for personal property "to be given to the parties mentioned in memoranda," and found after the owner's death pinned to her will which she had been informed by the attorney would not pass title, as against the rights of her husband, to the personal property thereby bequeathed, does not show that the gift was completed by delivery to the attorney, but rather that it would not be completed until the attorney made delivery to the donees.

4. SAME—*fact that owner demands part of property from agent tends to show incomplete gift.*  The fact that the owner of personal property delivered by her to her attorney to be given to certain persons subsequently demands from the attorney and receives back the interest coupons then due on one of the notes, the nearly matured coupons on other notes having been detached by her before the delivery to the attorney, tends to show that she did not consider that the delivery to the attorney had divested her of her title to the property, notwithstanding she said, when the delivery was made, that she understood she was giving the property away.

5. SAME—*courts cannot afford relief if the donor has not done what the law requires.*  However clear the intention of the owner may be to make a present gift of personal property to persons whom she desires to have it, the courts are powerless to grant relief if she has failed to do the things which the law requires in order to make a valid gift.

240—33.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. S. TUTHILL, Judge, presiding.

Esdras B. Trubey, administrator to collect of the estate of Luella B. Trubey, deceased, instituted the litigation involved in this proceeding by filing a petition in the probate court of Cook county praying for an order on Arthur B. Pease, appellant, to turn over to the estate certain personal property in his possession, alleged to be the property of the estate. Said property consisted of notes and securities of the value of something over $6000, and of certain other chattel property consisting of watches, jewelry and table silverware. Upon a hearing in the probate court that court held the property was assets of the estate of Luella B. Trubey, deceased, and an order was entered that appellant turn it over to the executrix of the last will and testament of Luella B. Trubey. An appeal was prosecuted from that order to the circuit court, where, after hearing, the court held that the property was not assets of the estate of Luella B. Trubey, deceased; that during her lifetime she had made valid gifts of the property, which were fully executed by the delivery of it; that by said gifts an open-faced gold watch became the property of Johannah Peters, and one initial ring, one moss agate ring and one diamond and ruby three-stone ring became the property of Sophia Pfuhl. Both these parties were sisters of a former husband of Luella B. Trubey and the watch and one ring had been his property. The remainder of the property, consisting of notes and securities, jewelry and silverware, was held to have become the property of Jettie Richardson, a niece of Luella B. Trubey, by gift during the aunt's lifetime. On appeal to the Appellate Court for the First District the judgment of the circuit court was reversed and judgment entered in the Appellate Court in favor of the estate of Lu-

ella B. Trubey.	From that judgment Arthur B. Pease has appealed to this court.

LOUIS J. PIERSON, and GEO. A. MILLER, for appellant:

Intention of the donor in cases of this character is a controlling factor. *Hagemann* v. *Hagemann*, 204 Ill. 382.

It is essential to a valid gift *inter vivos* that it be absolute, unconditional and irrevocable. Delivery may be to a third person for the donee, and if the donor parts with all present and future dominion over the property given, the gift takes effect at once. If the delivery is absolute in cases of gifts *inter vivos* the title vests immediately. *Beatty* v. *Western College*, 177 Ill. 296.

If made to a third person for the donee and the delivery is absolute and unconditional, so the gift takes effect at once, the assent of the donee may be implied. *Taylor* v. *Harrison*, 179 Ill. 141; *Gordon* v. *Adams*, 127 id. 223.

The delivery may be to a third person for the benefit of the donee instead of being made directly to the donee himself. *Telford* v. *Patton*, 144 Ill. 620; *Taylor* v. *Harrison*, 179 id. 141; *Barnum* v. *Reed*, 136 id. 388; *Williams* v. *Chamberlain*, 165 id. 210; *Jennings* v. *Neville*, 180 id. 277.

When the property is alienated to a trustee the gift is perfect and complete. *McCartney* v. *Ridgway*, 160 Ill. 156.

A gift evidenced by writing, followed by possession, is irrevocable. *Cranz* v. *Kroger*, 22 Ill. 74; *Barnes* v. *Banks*, 223 id. 357.

SAMUEL C. HERREN, for appellee:

No change of the testamentary terms of a will by verbal agreement, or revocation of a will by spoken words, or any attempt to grant a parol trust in opposition to the terms of the will, will be admitted. *Baskett* v. *Hassel*, 107 U. S. 609; *Lawrence* v. *Oglesby*, 178 Ill. 122.

Subsequent declarations by testatrix can have no effect to invalidate a will. A will cannot be invalidated by oral

declaration nor by implication, other than is provided by statute. *Dickie* v. *Carter,* 42 Ill. 376; *Betts* v. *Jackson,* 7 Wend. 173.

It is essential to a donation *inter vivos* that the gift be absolute and irrevocable; that the giver part with all present and future dominion over the property given and the gift go into effect at once and not at some future time, and that there be a delivery of the thing given to the donee; and that there be a change of possession, so as to put it out of the power of the giver to re-possess himself of the thing given. *Telford* v. *Patton,* 144 Ill. 611; 1 Parsons on Contracts, 234; *Robinson* v. *Ring,* 77 Me. 140; *Northrop* v. *Hale,* 73 id. 66; *Dole* v. *Lincoln,* 31 id. 422; *Jackson* v. *Railway Co.* 88 N. Y. 520; *Grover* v. *Grover,* 22 Pick. 261.

Where a delivery is made to a third party in order that the latter may deliver the subject of the gift to the donee as the agent of the donor, the gift is not complete until there is an actual delivery to the donee, and until the gift is completed by the delivery to the donee the donor can revoke the agent's authority and resume possession of the gift. *Devol* v. *Dye,* 123 Ind. 321; 8 Am. & Eng. Ency. of Law, 1318; 14 id. 1025; 2 Schouler on Personal Prop. sec. 85; *People* v. *Johnson,* 14 Ill. 342; *Telford* v. *Patton,* 144 id. 611; *Smith* v. *Ferguson,* 90 Ind. 229.

Where there is no declaration of trust or circumstances showing, beyond a reasonable doubt, that one was intended, a court will withhold its aid. *Young* v. *Young,* 80 N. Y. 438; *Beaver* v. *Beaver,* 117 id. 421; *Telford* v. *Patton,* 144 Ill. 611.

Personal chattels, bonds and choses in action may be subjects of disposition by gift *inter vivos* or *causa mortis,* but in each case it is indispensable that the subject of the gift be actually delivered. 14 Am. & Eng. Ency. of Law, 1019; *People* v. *Johnson,* 14 Ill. 342; *Olney* v. *Howe,* 89 id. 556; *Williams* v. *Forbes,* 114 id. 171; *Pratt* v. *Trustees,* 93 id. 475.

If the delivery is not made by the agent before the death of the donor, power to make it is thereby revoked. *Allen* v. *Polereczky,* 31 Me. 338; 8 Am. & Eng. Ency. of Law, 1318; 2 Schouler on Personal Prop. 154; *Scott* v. *Lauman,* 104 Pa. St. 593; *Phillips* v. *Hope,* 16 Ohio St. 586.

From a mere imperfect gift a trust cannot be deduced. *Badgley* v. *Votrain,* 68 Ill. 25; *Williams* v. *Chamberlain,* 165 id. 220.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

Mrs. Trubey was first married to a Mr. Marchand. After his death she was married to Esdras B. Trubey, the administrator to collect. Mrs. Trubey had one child by her first husband, but it died before his death. She had no child by her second marriage. Her family after that time consisted of herself, husband, and his daughter by a former marriage. Substantially all her property was acquired from her first husband. In December, 1904, Mrs. Trubey made a will, in and by which she gave two sisters and two brothers legacies amounting in all to $2000, and to her husband whatever interest in her estate "he may be entitled to under the laws and statutes of the State of Illinois or of any other State or country wherein I may have or own property," subject to a charge against him of $2000, and interest, which she had loaned him. The will also directed the expenditure of $500 for a monument for herself and her deceased husband and daughter. The remainder of testatrix's estate, real and personal, was given to her niece Jettie Richardson, of White Mills, Hardin county, Kentucky, and Jettie Richardson was named as executrix of said will. At the time the will was executed Mrs. Trubey had been married to Esdras B. Trubey something over a year, and was then about fifty years of age and in failing health. The appellant is an attorney at law and had been

Mrs. Trubey's attorney for some years prior to the making of the will. He drew the will, and testified that Mrs. Trubey asked him at the time if she could make a valid bequest of her personal property to Jettie Richardson by will; that he advised her she could not, and that she said she must arrange it in some other way. On the 15th of March, 1905, Mrs. Trubey sent for appellant to come to her house. Appellant testified that when he arrived at the house she requested him to go to the American Trust and Savings Bank vaults and get from her safety deposit box there, her securities, jewelry and other property kept therein, and that he did so and took them to her. Mrs. Trubey was confined to her bed at the time, and appellant testified she separated the articles into different parcels and told him "to whom she wanted them to go;" that he marked the parcels with the name and address of the party to whom the different articles were to be given, on slips of paper and put them with the parcels; that Mrs. Trubey fixed no time at which they were to be given to the parties. She said Jettie Richardson was her niece; that she had promised to educate her children and it was her intention to do so if she lived, but she believed she was in her last illness and would not recover, and wanted to make sure the property was delivered to Jettie Richardson so that she could use it to educate her children. Each of these parcels containing the property so marked by appellant, also a box of silverware marked with the name and address of Jettie Richardson, which Mrs. Trubey said she wished her to have, were delivered to the appellant. The appellant wrote, signed and delivered to Mrs. Trubey a receipt for the securities and property, which, after enumerating the property, concluded: "All of the above described articles to be given to parties mentioned in memoranda contained in envelope holding securities." This receipt was found pinned to the will when it was opened in the probate court after Mrs. Trubey's death. Appellant testified that after the property was de-

livered to him by Mrs. Trubey, and as he was about to leave her house, he said to her: "Mrs. Trubey, do you fully realize what you have done?—that you have given these things away and they are going out of your possession?" and that she replied: "Yes, I know what I have done, and I am glad to have it off my mind, for I am liable to wink out any minute, and I will write Jettie Richardson and tell her what I have done and you will hear from her." Appellant took the property, rented a box in the Chamber of Commerce vaults and placed it all there except the silverware, which he placed in his private vault in his office, and except certain coupons which he testified Mrs. Trubey tore off the securities before delivering them to him. Appellant testified that before Mrs. Trubey delivered him the securities she tore off three,—possibly four,—interest coupons that would become due within a few weeks and requested him to collect them and send her the money, and that he did so. He never communicated with any of the parties to whom the property was to be delivered and never heard from them until after Mrs. Trubey's death, which occurred June 3, 1905. This controversy then arose as to whether the property belonged to the persons whom Mrs. Trubey delivered it to appellant for, or whether, not having been delivered to them before her death, it was assets of her estate and subject to the rights of her surviving husband.

There can be no doubt from this record that Mrs. Trubey desired the persons designated by her should have the property and that she did not wish her husband to share in it. Whether what she did was sufficient to give effect to her intention is the important question to be determined. It is very clear that if appellant was the agent of Mrs. Trubey to deliver the property to the donees, the agency was revoked by her death before delivery was made and no title therefore passed to the donees. This proposition was held in *Jennings* v. *Neville,* 180 Ill. 270, and other cases, and is not controverted, but it is insisted that the property

was delivered to appellant, not as agent of the donor but as trustee for the donees, and that the delivery to the trustee was equivalent to delivery to the donees and operated to vest title in them immediately upon its delivery to such trustee. A brief reference to some of the facts and circumstances in proof, and the principles of law applicable, will, we think, serve to throw light upon the controverted question.

Mrs. Trubey had been told by appellant when she made her will that she could not by that instrument make valid bequests of her personal property so as to deprive her husband of the right the law gave him to such property in case he survived her. There can be no doubt that she wanted her niece and sisters-in-law to have the property. She was advised she could not give effect to her desire by will, but that to accomplish her purpose it would be necessary for her to deliver the property to the different persons she wished to have it. Some three months after she had made her will and been advised that to carry into effect her intention to give the property to her niece and sisters-in-law she must deliver it to them during her life, she sent for appellant, her lawyer, and delivered the property to him under the circumstances above mentioned. Appellant testified that at the time the property was delivered to him Mrs. Trubey told him to deliver it, and said she would write to Jettie Richardson and he would hear from her; that no time for delivery was mentioned; that appellant was to deliver the property to Jettie Richardson, and he expected her to call for it. Mrs. Trubey never notified Jettie Richardson, nor either of the other donees, of the delivery of the property to the appellant for them, and he never heard from them until after Mrs. Trubey's death. No statement was made by Mrs. Trubey from which the inference can be reasonably drawn that the gifts were not to be delivered until after her death, hence it could not be contended that the property passed to the donees as gifts *causa mortis.*

Neither do we think the proof justifies the contention that the property was delivered to appellant, not as agent of Mrs. Trubey but as trustee for the donees. The law is well settled that title to personal property by gift may be passed by delivery of it by the owner to another as trustee for the donee. In such case, delivery to the trustee is deemed, in law, delivery to the donee, and divests the donor of all control over or right or title in the property, and the gift is irrevocable. When a trust has been perfectly created it is not revocable by the death nor at the will of the party who created it. (*Taylor* v. *Harmison,* 179 Ill. 137; *Telford* v. *Patton,* 144 id. 611; *Light* v. *Scott,* 88 id. 239; *Lawrence* v. *Lawrence,* 181 id. 248.) It is incumbent on the party asserting the trust to prove it by clear and satisfactory evidence. Whether a trust exists is to be determined from the proof, having in view all the surrounding facts and circumstances and the intention of the parties, and the proof must be clear and explicit. The words or acts relied upon as creating the trust must show clearly and unequivocally the intention of the donor to create a trust. (*Allen* v. *Withrow,* 110 U. S. 119; *Beaver* v. *Beaver,* 117 N. Y. 421; *Martin* v. *Funk,* 75 id. 134; 3 Pomeroy's Eq. Jur. secs. 1008, 1009; 1 Perry on Trusts, sec. 86; *Bailey* v. *Irwin,* 72 Ala. 505; *Taylor* v. *Henry,* 48 Md. 550.) "Apart from the requirements of statute, no particular form is essential to the creation of a trust, but the acts or words relied on must be unequivocal, admitting of but one interpretation, and manifesting a completed transaction *in præsenti.*" (28 Am. & Eng. Ency. of Law, 893, 894.)

We cannot escape the conviction, upon a consideration of all the testimony in this record, that Mrs. Trubey made appellant her agent to deliver the property, and not a trustee for the donees. When she gave him the property to deliver to the donees she had in mind notifying them of what she had done, so that they might receive it from him. She said, "I will write Jettie Richardson what I have done

and you will hear from her." If she had carried out that intention the reasonable presumption is that there would have been a delivery to the donees before the death of the donor and the title to the property would then have vested in the donees. For some reason she delayed carrying out this intention during her lifetime and her death revoked the agency of appellant.

The receipt signed by appellant for the property when it was delivered to him states it was received "to be given to the parties mentioned in memoranda," and, considered in connection with the other proof, tends to show that the transaction was not considered completed at that time but would be when the property was delivered to the donees. Two days after this receipt was given, Mrs. Trubey enclosed it in a letter and sent it by a friend to appellant. In the letter she stated appellant had omitted to include in the receipt a $1500 note of one Bartlett, and requested him to add it to the receipt. In the letter to the appellant she stated: "This Bartlett note is—was with my other loans; also send interest coupons for Bartlett loan which is due, of $45." She had torn off three or four coupons from notes before she delivered them to appellant, but the coupons to the Bartlett note appear to have been delivered with it to appellant. The fact that she demanded and received part of the property back tends to show that she did not consider the delivery to appellant was complete for the benefit of the donees and divested her of all title in or control over the property.

It may, under the circumstances of this case, as said by the Appellate Court, be a subject of regret that effect cannot be given to the intention of Mrs. Trubey by awarding the property to those who she desired should have it, but however clear her intention may have been, unless she did such acts as the law requires to make that intention effective, courts are powerless to afford relief. The rule

is well stated in the American and English Encyclopedia of Law, (vol. 28, pp. 892, 893,) as follows: "A court of equity will not impute an intention to create a trust where a trust was not in contemplation. So if a transaction was intended to be effected by a gift, and the gift is incomplete for want of delivery, and therefore is not enforceable as such in equity, it nevertheless cannot be enforced as a declaration of trust, for to do so would be to substitute in place of the actual intention to transfer the property directly to the donee the intention to make or become a trustee, and, besides, would open the way for every imperfect gift to be converted into a perfect trust." And this is abundantly sustained by the authorities. We note a few of them: *Williams* v. *Chamberlain,* 165 Ill. 210; *Badgley* v. *Votrain,* 68 id. 25; *Young* v. *Young,* 80 N. Y. 422; *Wadd* v. *Hazelton,* 137 id. 215. In *Estate of Smith,* 144 Pa. St. 428, the court said: "What is clearly intended as a voluntary assignment or a gift but is imperfect as such cannot be treated as a declaration of trust. If this were not so, an expression of present gift would in all cases amount to a declaration of trust, and any imperfect gift might be made effectual simply by converting it into a trust. There is no principle of equity which will perfect an imperfect gift, and a court of equity will not impute a trust where a trust was not in contemplation." However clear the intention may be, effect cannot be given to it if to do so would violate an established rule of law. *Williams* v. *Chamberlain, supra; Taylor* v. *Harmison, supra.*

We are of the opinion the judgment of the Appellate Court is supported by the law and the evidence, and it is affirmed.                    *Judgment affirmed.*