Davis, C. J.
The circuit court held that by the writing of October 14, 1905, which was contemporaneous with a will of the same date, Martin Redkey became the trustee for the beneficiaries therein named, and not the agent or trustee of Joseph Worthington, and that said written instrument and delivery of the money therein mentioned created a valid trust and passed a then present legal title to the said trustee; and for that reason the judgment of the court of common pleas was reversed. We have not been able to give our assent to the conclusion of the circuit court.
Worthington was engaged in making disposition of all his property by a last will and testament, when a doubt arose as to the validity of bequests to certain charities, in case he should die within twelve months; and, to accomplish the same purpose, the scheme of a gift by way of a trust was resorted to. The question now arises, was the trust definitely declared, and was the subject of the trust completely separated from the dominion of the donor in his lifetime?
Whether a gift is inter vivos, or causa mortis, or made through the medium of a trust, it is none the less a gift and subject to the conditions which the law places upon gifts; and whether the gift is made to a third person as agent for the donor or *135 as trustee for the donee, there must be such a distinct and absolute delivery of the property as to show a relinquishment of all dominion over the property by the donor. 14 A. & E. Ency. Law (2 ed.), 1025, 1026. “To constitute a valid gift the transfer must be consummated, and not remain incomplete, or rest in mere intention; and this is so whether the gift is by delivery only, or by the creation of a trust in a third person or the donor; enough must be done to pass the title.” Martin v. Funk et al., 75 N. Y., 134. “The acts must be of that character which will admit of no other interpretation than that such legal rights as the settlor retains are held by him as trustee for the donee; the settlor must either transfer the property to a trustee or declare that he holds it himself in trust. An intention to give, evidenced by a writing may be most satisfactorily established and yet the intended gift may fail because no delivery is proved. And where an intention to give absolutely is evidenced by a writing which fails because of its non-delivery, the court will not and cannot give effect to an intended absolute gift by construing it to be a declaration of trust and valid, therefore, without delivery.” Wadd v. Hazelton et al., 137 N. Y., 215, 219. And see generally, Welch v. Henshaw, 170 Mass., 409; Smith’s Estate, 144 Pa. St.. 428; and Smith, Admr., v. Ferguson, 90 Ind., 229.
.It must be clear, then, that the writing itself, however definite it may be in its terms, proves no more than an intention on part of the donor to create a trust for the payment of money after his death. If the money has not irrevocably passed *136 out of his control to the donees, or to a trustee for them, then this writing is, at best, no more than an ineffectual testamentary disposition; or, if sufficiently attested under the statute, it was revoked by the will which was subsequently probated.
There is evidence in this record, and it is not disputed, strongly tending to prove that the check for $6,200 which it is admitted Worthington gave to Redkey, was made payable to “M. Redkey, trustee in trust for Jos. Worthington;” and it is proven beyond dispute that Martin Redkey, on October 14, 1905, deposited a check of Joseph Worthington for $6,200, in the Leesburg Bank, and with it a deposit slip in his own handwriting, containing the words, “Deposited by M. Redkey, trustee in trust for Jos. Worthington;” and it is further proved that the account of Redkey as trustee, with the bank was carried on the books of the bank as “M. Redkey, trustee in trust for Jos. Worthington.” Apparently this evidence was given little weight in the circuit court, because it was held that the delivery of the $6,200 to the trustee, Martin Redkey, effectually passed the legal title to the money beyond the control of the creator of the trust. That is a begging of the whole question, which is, for whom was Redkey receiving the money, and for whom was he to hold it, since by the terms of the writing he was to hold it until after the death of Worthington.
The defendants in error claim this money under a trust established and declared for their benefit. It devolves upon them to prove this clearly and satisfactorily. Instead the facts already adverted *137 to prove, or at least strongly tend to prove, that Redkey did not receive the money absolutely in trust for them, but, as the check, the deposit slip and the bank books declare, as “trustee in trust for Jos. Worthington.” The acts of Redkey clearly show that he understood that he was receiving the money to hold it for Worthington until after the latter’s death. The answer to this, in the opinion of the circuit court, is that under the written instrument there is nothing for Redkey to do for Worthington in regard to the $6,200. It is palpable that, under the writing, he was to hold the $6,200 during the life of the donor and in certain contingencies to collect moneys and pay over to donees; and besides there is nothing in the record, that we have discovered, which shows that the payment to' “M. Redkey, trustee in trust for Jos. Worthington,” was intended for the benefit of the donees named in this writing.. It may have been upon some other trust.
What has been said was upon the assumption that the writing in question was entirely clear and unequivocal in the declaration of a trust. The words “trust” and “trustee” are neither necessary nor controlling. “The certainty in a declaration of trust which is necessary and sufficient to create a trust has been construed to mean clear, explicit, definite and unequivocal expressions setting out the trust with such certainty that a court of equity may enforce its execution.” 39 Cyc., 58.
This writing is clear enough in the beginning. It is only further along when he says, “In the event the society disbands I direct my said trustee to *138 collect and pay over,” etc., also, “in the event of the dissolution of the Angeline Johnson Altruistic Society [I direct my said trustee] to recover the one thousand dollars,” etc., that the words “my said trustee” in connection with the language of the check to Redkey begin to suggest a double meaning. This is intensified when he seems to follow the fund into the future by requesting the probate court to appoint a trustee in the event of the death of the trustee named; and still more when he added the clause, “I reserve the right to revoke this appointment at any time during my life.” It is said that this is a negligible factor in this case, because he never did revoke the appointment. Nevertheless, it reflects a strong light on the question whether he ever did intend to finally and forever abandon all control over the fund during his life. On the day before he made a will bequeathing this money to these claimants, which would still leave the property under his control until his death, and on the next day, believing that his purpose would be unavailing in a will, he resorted to the device of a gift by means of a trust imposed upon his friend and adviser, who was the cashier of the bank in which his money was deposited. And it would seem, at least in one point of view, that instead of an absolute and irrevocable payment of'the money for the benefit of the donees, he did not intend to let it get beyond the power of recall, and perhaps that he might have the increment of the money while he lived. This is not a forced construction, for “appointment” may mean an appropriation of money to a specific purpose, or the act of a person in directing the disposition of *139 property by limiting a use, or the exercise of the right to designate a person. Black’s Law Dictionary, 2d edition. So that the best that can be made out of this document for the defendants in error is that it is ambiguous and they have not clearly made out their case.
It is proper to note that the opinion in Stone v. Hackett, Exr., et al., 12 Gray (Mass.), 227, which case seemed to be much relied on by the defendants in error on the oral argument, contains the following significant qualification: “Perhaps if there were any facts to show that the transaction was intended to be testamentary in its character, and was entered into for the purpose of evading the provision of law regulating the execution of last wills and testaments, there might be some ground for impeaching the validity of the conveyance and withholding the sanction of the court from the trusts which the donor intended to establish.”
Our conclusion is that neither the possession of the money, nor the title to it, passed to the donees, nor to a trustee for them, 16 Ann. Cases, 373, note; that it would seem, upon consideration of all of the circumstances, that the delivery of the check to Redkey was to him as agent of the donor, for the purpose of delivery after the donor’s death, rather than a delivery to him as trustee for the donees, Trubey v. Pease, 240 Ill., 513; and that if Redkey was acting as the agent of the donor, such agency was revoked by his principal’s death; and finally, if the transaction be regarded as an attempt at testamentary disposition it was revoked by a subsequent will.
*140 The judgment of the circuit court is reversed and the judgment of the court of common .pleas is modified as to interest and costs and is affirmed as modified.

Reversed.

Shauck, Spear, Johnson and O’Hara, JJ., concur..