[Civ. No. 2839. First Appellate District, Division One.—July 11, 1919.]

FRANCES GREEN et al., Respondents, v. W. J. HYNES, Public Administrator, etc., Appellant.

[1] GIFTS—ACTION TO RECOVER—INSUFFICIENT PROOF.—In this action to recover certain money on deposit in a bank in the name of defendant's intestate, the plaintiffs failed to prove either a gift *inter vivos* or a gift *causa mortis* by decedent to them.

[2] ID.—APPOINTMENT OF AGENT TO MAKE DELIVERY—DEATH OF PRINCIPAL BEFORE DELIVERY — EFFECT.—Where a person constitutes another his agent for the purpose of making delivery of certain property to a third party, but dies before such delivery is made, the agency is revoked, and no title passes.

[3] PARTIES — ACTION AGAINST PUBLIC ADMINISTRATOR — PLEADING — ESTOPPEL.—In an action against a public administrator in his official capacity to recover certain property which it is alleged he, as such administrator, obtained possession of and, on demand, refused, and still refuses, to deliver to plaintiffs, if no demurrer is interposed to the complaint, and the answer of said defendant specifically admits such allegations, the latter, on appeal, will not be permitted to urge that such action cannot be maintained against him in his official capacity.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Thos. F. Graham, Judge. Reversed.

The facts are stated in the opinion of the court.

Cullinan & Hickey, Shelton & Levy, David L. Levy and Lawrence L. Levy for Appellant.

R. W. Gillogley and Algernon Crofton for Respondents.

2. Effect of death on contract of agency, notes, Ann. Cas. 1917E, 380; 23 L. R. A. 709; 45 L. R. A. (N. S.) 349.

WASTE, P. J.—Frederick Driessen died intestate. After his death there were found among his personal effects, among other things, a bank-book showing that the deceased had a deposit in the Bank of South San Francisco, in the sum of $2,584.70, a promissory note and mortgage securing the same, in the sum of $1,250, executed by Ambrose D. Savage and Emma J. Savage, to said Driessen, and a paper on which was written in German the following: "Money and all that I have give you to Mrs. Green and Miss Green." This note was in the handwriting of Driessen and was signed by him. The bank-book and these papers were delivered to a former employer of Driessen, and were afterward delivered to the defendant as administrator of the estate of said deceased. The plaintiffs, claiming to be the owners of and entitled to the possession of the money on deposit in the bank, and the promissory note and mortgage, brought suit for the recovery thereof against Hynes, in his representative capacity, as administrator of the estate of Driessen, and obtained judgment. From this judgment defendant appeals.

The court found: That on the twenty-fourth day of September, 1914, plaintiffs gave to said Frederick Driessen the sum of one thousand three hundred and thirty-nine ($1,339) dollars, which said money belonged to the plaintiffs; that said Driessen, at the time of receiving the said money, agreed with the plaintiffs to invest the same, for and on behalf of said plaintiffs, and to lend the same to Ambrose B. Savage and Emma J. Savage and take a mortgage executed by said parties therefor; that the said Driessen, on the twenty-fifth day of September, 1914, loaned to Ambrose B. Savage and Emma J. Savage the sum of one thousand two hundred and fifty ($1,250) dollars, the same being a part of said sum of one thousand three hundred and thirty-nine ($1,339) dollars, and took as security therefor the promissory note and mortgage of said Ambrose B. Savage and Emma J. Savage, executed to said Driessen as mortgagee; that said mortgage and promissory note stand in the name of said Driessen, but belong to, and are the property of, these plaintiffs.

This finding, supported by the uncontradicted testimony of both plaintiffs and by Ambrose B. Savage and Emma J. Savage, who executed the note and mortgage for $1,250, is not challenged by appellant, who distinctly disavows any

claim for the note and mortgage, or the money secured thereby.

The court also found that the plaintiffs were the owners and entitled to the possession of the $2,584.70 in cash, which, at the time of the death of said Driessen, was on deposit in his name in the Bank of South San Francisco. We fail to find any evidence supporting this finding.

As before stated, the bank-book showing this deposit was in Driessen's personal effects, at the home of the witness Elvizio Cassellini. A few days before Driessen's death he called at the Cassellini home, where he kept his effects, took the note and mortgage, and bank-book showing his account with the South San Francisco bank, from his pocket, and placed them in a valise, containing his personal effects, which he gave to Mrs. Mary Cassellini, saying, "This is for you." Her further testimony concerning what happened is as follows: "When he handed the valise to me, he said, 'Keep it for yourself,' and he mentioned the name of Mrs. Green, but I did not know what he meant by it, or who Mrs. Green was, because I did not understand everything. On the last day, when Fred went away, he said it was better to die and that it was better down at Holy Cross." On cross-examination she testified that he said: "I want you to have five hundred dollars, and the rest to go to Holy Cross." The witness also testified that Driessen was in the habit of coming in her house and opening this satchel at any time he saw fit. There is not to be found in the testimony of either of the plaintiffs, or of any other witness, a single reference to the money on deposit in the South San Francisco bank. The only testimony concerning the bank-book is as to its being found in the valise among the decedent's effects, and by Cassellini turned over to Driessen's former employer.

[1] We are unable to find from the foregoing facts either a gift *inter vivos* or a gift *causa mortis* by decedent to plaintiffs. (*Beebe* v. *Coffin*, 153 Cal. 174, [94 Pac. 766]; *Noble* v. *Garden*, 146 Cal. 225, [2 Ann. Cas. 1001, 79 Pac. 883]; *Fite* v. *Perry*, 8 Cal. App. 85, [96 Pac. 102].) [2] Neither does the evidence support the theory advanced by respondent that there was a sufficient delivery to Mrs. Cassellini for the plaintiffs. If Mrs. Cassellini was the agent of the decedent to deliver the property to the plaintiffs, the

agency was revoked by his death before the delivery was made, and no title passed to them. (*Trubey* v. *Pease,* 240 Ill. 513, [16 Ann. Cas. 370, 88 N. E. 1005]; *Beebe* v. *Coffin, supra; Hart* v. *Ketchum,* 121 Cal. 426, [53 Pac. 931]; *Daniel* v. *Smith,* 64 Cal. 346, [30 Pac. 575].)

The finding of the trial court, and the conclusion of law based thereon, that plaintiffs were the owners and entitled to the possession of the $2,584.70 in the South San Francisco bank are not supported by the record.

[3] Appellant contends that the plaintiffs cannot maintain this action, to recover the specifically described property and money, against the defendant in his official capacity as administrator of the estate of Driessen; that an administrator, in his individual capacity alone, is liable to the rightful owner for a wrongful conversion of money or property. Assuming this to be true, there is a sufficient reason why appellant should not be allowed to interpose this point.

The complaint, after setting forth the representative capacity of Hynes, as administrator of the estate of Driessen, alleges that he ''as such administrator obtained possession of said money on deposit in the Bank of South San Francisco, and the said note and mortgage,'' and after demand for the delivery thereof to plaintiffs ''has refused, and still refuses, to deliver to plaintiffs the said money, or any part thereof, or the said promissory note or mortgage.'' No demurrer was interposed to this complaint, and the answer specifically admits the foregoing allegation. Appellant is bound by the admission on which he submitted himself and the controversy in the lower court.

From the whole record before us it seems unlikely that the testimony on a retrial can be materially different from that already taken. On the facts thus appearing, findings and judgment should be in favor of the plaintiffs for the recovery of the note and mortgage and in favor of defendant for the money in the bank. It is not within the province of the appellate court, however, to correct findings. (*Clark* v. *Huber,* 20 Cal. 196, 198.) Consequently, the case must be remanded for a new trial.

The judgment is reversed.

Richards, J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on August 9, 1919.