*909 OPINION.
Tkammell
: The Commissioner concedes that if the Board finds as a matter of law that the amounts received by the taxpayer under the perpetual-care contracts were received in trust, then the amounts are not taxable to the taxpayer but that the case would then be controlled by the decision of the Board in the Appeal of Los Angeles Cemetery Association, 2 B. T. A. 495. If the amounts received under the contracts were not received in trust, the cáse is controlled by the decision of the Board in the Appeal of Springdale Cemetery Association, 3 B. T. A. 223.
The great weight of authority is to the effect that the statute of frauds does not extend to trusts of personal property and that such trusts may be created and proved by parel. Chew v. Brumagen, 13 Wall. 497; Allen v. Withrow, 110 U. S. 119; Trubey v. Pease, 240 Ill. 513; 88 N. E. 1005; Coyne v. Supreme Conclave, 106 Md. 54; 66 Atl. 704; Bork v. Martin, 132 N. Y. 280; 30 N. E. 584; Pittman v. Pittman, 107 N. C. 159; 12 S. E. 61.
There is no conflict in the evidence here with respect to the contracts. The evidence is that at the time the contracts were entered' into it was agreed that the money would be held in trust for the specific purposes of the contract. This being true, we are of the opinion that a valid trust was created by parol in those contracts *910 where there was no specific provision to that effect. The only reason that certain of the contracts contained that express provision was the fact that those lot owners insisted upon the agreement being included in writing in the contract. The same agreement, however, was actually made with all of the lot owners verbally.
The funds received by the taxpayer from the lot owners having been received in trust for the specific purpose of caring for and maintaining burial places gave rise to no taxable income to the taxpayer. See Appeal of Los Angeles Cemetery Association, supra.

Judgment for the petitioner.