BLANCHE S. ROSS, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

STELLA S. JANNOTTA, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

FRANK V. SKIFF, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 51171–51173. Promulgated May 5, 1933.

*E. Barrett Prettyman, Esq.*, and *Preston B. Kavanagh, Esq.*, for the petitioners.

*Bernard D. Hathcock, Esq.*, for the respondent.

40

42

OPINION.

SMITH: The only question for determination in these proceedings is whether the gift of bonds to the petitioners, upon which the respondent has computed the gift tax of $29,243.31, took place in 1925 as the respondent has determined, and is therefore subject to the gift

tax provisions of the Revenue Act of 1924, sections 319 to 324, inclusive, as amended by section 324 (a) of the 1926 Act, or whether the gift was made in 1920 as the petitioners contend, prior to the effective date of any Federal gift tax law.

The petitioners admit that they each received assets from the decedent's estate as residuary legatees and transferees thereof in excess of the deficiency and penalty proposed, and that they are liable severally as transferees for the deficiency herein if the gift in question was made in 1925 as the respondent has determined.

In his brief, the respondent concedes that in accordance with Law Opinion 1091, Cumulative Bulletin I-1, p. 422, and General Counsel Memorandum 9162, Internal Revenue Bulletin of April 20, 1931, the petitioners are not liable for the proposed penalty.

The respondent asserts in his brief that the evidence failed to establish that there was a delivery of the subject matter of the gift; that is, the $750,000 in bonds, in 1920; that the decedent continued to exercise dominion and control over the bonds until 1925, when they were divided among the petitioners and removed from the safe deposit box; and that the gift was not completed until that time.

The essential elements of a valid gift *inter vivos* are: (1) An intention on the part of the donor to make the gift; (2) delivery by the donor of the subject matter of the gift; and (3) acceptance of the gift by the donee. In *Edson* v. *Lucas*, 40 Fed. (2d) 398, 404, the rule is stated as follows:

* * * There must be a donor competent to make the gift, a clear and unmistakable intention on his part to make it, a donee capable of taking the gift, a conveyance, assignment, or transfer sufficient to vest the legal title in the donee, without power of revocation at the will of the donor, and a relinquishment of dominion and control of the subject matter of the gift by delivery to the donee. * * *

See also *Parrott* v. *Noel*, 8 Fed. (2d) 368; *Blair* v. *Rosseter*, 33 Fed. (2d) 286; *Adams* v. *Hagerott*, 34 Fed. (2d) 899; *Mary Katherine Dulin*, 25 B.T.A. 1259. On several occasions prior to or during 1920, the decedent expressed an intention to give all or the greater part of his property to his three children, the petitioners. This intention was also clearly manifest by his acts in going to the safe deposit box with his son, one of the donees, and helping him to select and segregate certain of his bonds for the purpose of the gift and then giving his son custody of his, the decedent's, key to the box. There can be no doubt of the intention on the part of the donor to make the gift in 1920.

We are also of the opinion that the facts show a valid delivery of the subject matter of the gift to the donees in 1920. At the time of the alleged gift in 1920, the decedent and Frank V. Skiff went to the safe deposit box together and at the direction of the decedent,

Frank V. Skiff selected the $750,000 tax exempt bonds, which the decedent instructed him to divide "one-third to each of the children." Frank V. Skiff then wrapped the bonds in a separate bundle and put them back in the box with other securities belonging to him and the decedent. This, we think, constituted an actual delivery of the $750,000 of bonds by the donor to Frank V. Skiff. At that time, or soon afterwards, the decedent gave the custody of his key to the safe deposit to Frank V. Skiff. In *Hagemann* v. *Hagemann*, 204 Ill. 378; 68 N.E. 381, it was said:

* * * Michael was given a key to the box containing the said notes. This alone has been held to be a good symbolical delivery. *Stephenson's, Adm'r.* v. *King*, 81 Ky. 425, 50 Am. Rep. 173; *Telford* v. *Patton*, 144 Ill. 611, 33 N. E. 1119. * * *

See also *Beaumont* v. *Beaumont*, 152 Fed. 55.

The delivery to Frank V. Skiff, one of the donees, of all of the bonds, including those for himself and his sisters, constituted a valid delivery to each of them of their respective shares, and this is also true of the acceptance by him, in respect of which Frank V. Skiff became an agent or trustee for the other donees. *Smith* v. *Commissioner*, 59 Fed. (2d) 534; *Trubey* v. *Pease*, 240 Ill. 513; 88 N.E. 1005; *Taylor* v. *Harmison*, 179 Ill. 137; 53 N.E. 584; *Gordon* v. *Adams*, 127 Ill. 223; 19 N.E. 557. In *Smith* v. *Commissioner*, *supra*, the court said:

In cases of gifts, delivery to the actual donee is not necessary; it may be made to a third person for the benefit of donee, and in such event the third person becomes a trustee for the donee. In the instant case the stock was delivered to the custody of Earl F. Smith for the benefit of all children, including himself, and that constitutes a delivery to the donee. *Martin* v. *McCullough*, *Adm.*, 136 Ind. 331; *Grissom* v. *Sternberger*, 10 F. (2d) 764; *Owen* v. *Commissioner of Internal Revenue*, 53 F. (2d) 329.

Also, in *Trubey* v. *Pease*, *supra*, the court said:

* * * The law is well settled that title to personal property by gift may be passed by delivery of it by the owner to another as trustee for the donee. In such case delivery to the trustee is deemed, in law, delivery to the donee, and divests the donor of all control over, or right or title in, the property, and the gift is irrevocable. * * *

If, as the respondent contends, the decedent still had access to the safe deposit box after the alleged gift in 1920 and might have removed the bonds if he had so desired, this does not render the gift invalid. In *Beaumont* v. *Beaumont*, *supra*, the court said:

* * * The possession and control of the bonds was exclusive, and not the less so in legal contemplation that the donor had also a key to their place of deposit, and could, in violation of their rights accruing from his gift, have carried them away. * * *

It is sufficient for the facts of this case to say, if the donor, with the clearly expressed intention of making a gift, make an actual delivery into the hands

of the donee, the fact that the donor has lawful access to the depository of the thing given, does not invalidate the gift, if the donee has also the same access to said depository, and has such control over the thing given, that he may remove it at any time he chooses to do so. * * *

See also *Smith* v. *Commissioner, supra*, and cases therein cited; *Hagemann* v. *Hagemann, supra; Martin* v. *Martin*, 170 Ill. 18; 48 N.E. 694; *Gilkinson* v. *Third Ave. R. Co.*, 63 N.Y.S. 792; *Hynes* v. *White*, 190 Pac. 836.

It has been held also that a gift is valid even where the subject matter of the gift remains in the depository of the donor after the gift is made if it is removed before revocation by the donor. *Muir* v. *Gregory*, 168 Fed. 641. All of the bonds in question here were removed by the donees in 1925 with the knowledge and approval of the donor and there is no indication that the donor ever undertook to revoke the gift.

The respondent in his brief stresses the facts that the interest or proceeds derived from the coupons which were clipped from the bonds from 1920 to 1925 were deposited to the credit of the donor, and that during that period numerous changes were made in the bonds by exchanges, purchases and sales, all of which were handled through the donor's bank account. We do not believe, however, that these matters in any way affect the validity of the gift. The reason for depositing the coupons in the decedent's account was satisfactorily explained by the witnesses, the donees. It was in accordance with their prior arrangement to keep a substantial amount in the donor's bank account to meet any needs or wants that he might have during his lifetime. The evidence is not clear as to whether the donees agreed to the arrangement among themselves voluntarily, or whether it was a condition subsequent imposed by the donor. Assuming, however, that the latter was the case, the gift of the bonds themselves would not be affected. The retention by a donor of the interest from a fund or income from property or even a life estate in the subject matter of the gift does not render the gift invalid. *Smith* v. *Commissioner, supra; Edson* v. *Lucas, supra; Beaumont* v. *Beaumont, supra; Miller* v. *Western College of Toledo*, 177 Ill. 280; 52 N.E. 432. In *Smith* v. *Commissioner, supra*, the court said:

* * * There was, however, a clear and unmistakable intention on the part of decedent to make a present gift to his children, and he described to them in detail how he intended to make the delivery, that is to say, by placing the amount of stock intended for each child in a separate envelope with such child's name placed thereon, and depositing the same in his son's lock box at the bank, there were no reservations whatever as to title, dominion, or revocation, except that he retained the right to the dividends during his life, if he so chose. That reservation was merely a limitation on the quantity of the contemplated gift, and in no way affected its validity. *Edson* v. *Lucas, supra.*

All of the sales and exchanges of the bonds were made by Frank V. Skiff and were cleared for convenience through the decedent's bank account. Assuming, most favorably to the respondent's contention, that in these transactions Frank V. Skiff acted as agent for the donor rather than as agent or trustee for the donees, still the gift would not be rendered invalid, for it is apparent that these things were necessary for the protection of the donees and were in no sense inimical to their interests. *Smith* v. *Commissioner, supra; Edson* v. *Lucas, supra.*

The only material fact shown by the evidence which in any way supports the respondent's position that the gift of the bonds was made in 1925 is that the petitioners in that year all went to the safe deposit box and removed the bonds, each then taking actual possession of his or her share. This was not done at that time by direction of the donor or by reason of any new authority granted by him, although he was aware of what was being done and was agreeable to it. We are convinced that the petitioners at their own pleasure might have divided and removed the bonds at any time after the decedent and Frank V. Skiff had segregated them in 1920.

We are of the opinion that bonds of the face value of $750,000 were given to the petitioners in 1920 and not in 1925.

> *Judgment of no liability as transferees will be entered for the petitioners.*