Lindner and Boyden Bank, Appellee, v. Lyle Wardrop, Administrator of the Estate of William Wardrop, Deceased, and Bertha Nash. Bertha Nash, Appellant.

Gen. No. 9,212.

Heard in this court at the May term, 1937. Opinion filed September 9, 1937. Rehearing denied October 4, 1937.

JAMES N. CUMMINGS, of Kewanee, for appellant.

F. W. RENNICK, of Buda and LEO P. BAIRD, of Galesburg, for appellee.

MR. PRESIDING JUSTICE HUFFMAN delivered the opinion of the court.

William Wardrop was a resident of Bureau county, Illinois. On July 12, 1935, he deposited in appellee bank $750, for which the bank executed and delivered to him its certificate of deposit in words and figures as follows:

CERTIFICATE OF DEPOSIT
NOT SUBJECT TO CHECK

"LINDNER & BOYDEN BANK No. 10313
 Buda, Ill., July 12, 1935. $750.00
William Wardrop or Bertha Nash has deposited in this Bank Seven Hundred Fifty and no/100 ....Dollars payable to the order of Either of them on the return of this Certificate properly endorsed with interest at the rate of 2½ per cent per annum from June 21st, 1935, for full calendar months only if left One Year. No interest after one year. Subject to sixty days notice of withdrawal at the option of the Bank.
 W. T. AKIN,
 A. Cashier."

William Wardrop took possession of said certificate and placed same in his lock box at the bank, where it remained until his death. He died intestate on November 23, 1935. Lyle Wardrop was appointed and qualified as administrator of the estate of said deceased. Upon opening the lock box of the deceased, the above certificate was found among other valuable papers belonging to the deceased. Upon discovery of the certificate, the administrator claimed ownership thereof on behalf of the estate, and appellant Bertha Nash claimed ownership thereof. The bank filed its interpleader making the claimants defendants thereto. Defendants filed answer and the cause was heard by the court. Decree was entered in favor of the administrator, and Bertha Nash has prosecuted this appeal.

Appellant claims no knowledge of the certificate nor any consideration therefor, and admits she has no knowledge of the bank records concerning same. However, she urges that if said records show that the deceased signed a document whereby he authorized the bank to pay the sum of the certificate to himself or appellant, ''or the survivor of them,'' that in such event she is entitled to the whole of said amount; but if the deceased did not sign any such document authorizing the bank to pay the money to the survivor, then she is entitled to one-half of the amount due thereon. This is the position of appellant with respect to her answer. However, in her argument it is stated that, ''there is nothing to be considered by this court, except whether or not the law in the state of Illinois gives to appellant the undivided one-half interest in the certificate of deposit in question.'' This statement no doubt is prompted by the fact that the bank records failed to show any writing of any kind with reference to the certificate, except the certificate itself.

It will be found that the facts in this case differ in many respects from those existing in the cases re-

ferred to by appellant. The certificate in this case does not provide for the right of survivorship in the fund as in the case of *Erwin v. Felter,* 283 Ill. 36. Neither does it comply with sec. 2, ch. 76 on Joint Rights and Obligations, Ill. State Bar Stats. 1935, ch. 76, ¶ 2; Jones Ill. Stats. Ann. 70.03, which section expressly reserves the right of survivorship in personal property jointly owned, where, by will or other instrument in writing, an intention is expressed to create a joint tenancy in such property with the right of survivorship, such as in the case of *Illinois Trust & Sav. Bank v. VanVlack,* 310 Ill. 185.

Whatever is subject to individual dominion by virtue of the law of sole ownership is likewise susceptible of being made subject to such joint dominion as results from the law of joint ownership, subject to statutory limitations. One seeking to create a joint tenancy by a deposit may do so, but it must be remembered that joint tenancies are not favored, and while they may exist in personal property, they must be created by apt and explicit terms. The money in question originally belonged to the decedent. The owner of money can part with it only by gift, payment, or bequest, so if the appellant is to be said to be entitled thereto, the property must have passed somehow from the decedent to her. There is no claim here of a valuable consideration for the transfer. This leaves the title of the survivor to rest upon a gift, trust, or bequest. The bequest cannot be considered because it is not claimed that the transfer is in the requisite form to constitute a valid bequest. There thus remain two grounds upon which the right of the survivor to the fund must be based, gift or trust, and unless the survivor can show title in one of these ways, her claim must fall.

The intention of the owner of money in depositing it in a joint account is a question of fact, where there is evidence as to the intention. In many cases such

as the present one, there is no such evidence and it then becomes necessary to determine the rights of the survivor from the deposit in the form as made. The rule sustained by a majority of cases, under circumstances similar to those existing herein, is that the mere fact that money is deposited to the account of the owner ''and'' another, or the owner ''or'' another, does not show a gift nor carry with it the right of survivorship to the fund. In this case appellant knew nothing about the certificate of deposit, exercised no control over the same, nor was it delivered by the deceased to any third person to hold. It was retained by the deceased in his lock box in the bank, to which box no other person had access. The difference between a gift and a voluntary trust is that in the case of a gift the thing itself passes to the donee, while in the case of a trust, the actual, beneficial, or equitable title passes to the *cestui que trust,* while the legal title is transferred to a third person, or retained by the person creating it to hold for the purposes of the trust. Possession and control in such a case remain with the trustee, but a gift of the equitable or beneficial title must be as complete and effectual in the case of a trust, as is the gift of the thing itself in a' gift *inter vivos*. It seems evident that unless the owner intended to create a joint tenancy by a joint deposit with the right of survivorship, or divested himself of all beneficial interest therein, the requirements as to delivery in case of gift of personal property are not met.

A gift divests the donor of title and requires a renunciation of claim and interest in the subject of the gift. In this case the certificate of deposit was retained by the depositor, to whom the money belonged. It was kept in his lock box at the bank, to which box no other person had access. Never at any time did he surrender the possession of the certificate to another. Nothing

was said by him to the cashier of the bank regarding his intentions at the time he purchased the certificate. Therefore there is no evidence as to intention, and there is no such divesting of dominion of the money as to constitute a gift to appellee, as survivor.

This case does not present a situation where the parties had a joint bank account over which they exercised a joint control, drawing checks thereon at will, and making deposits from time to time. But in this case, property that admittedly belonged to one person is being claimed by another who does not pretend to have parted with any valuable consideration therefor. It has been said in this State that where the owner of money purchases a certificate of deposit payable to another, and the depositor retains the same in his possession, title to such fund will not pass to the third person as a gift, in the absence of any declaration of trust or facts going to show the vesting of title. *Telford v. Patton,* 144 Ill. 611, 624, 625. This doctrine has been reaffirmed in *Erwin v. Felter, supra,* at pp. 39 and 40, and in *Reder v. Reder,* 312 Ill. 209, 212.

The certificate herein does not provide for payment of the fund to the survivor as in *Erwin v. Felter, supra,* nor was any compliance made with the statute as in the case of *Illinois Trust & Sav. Bank v. VanVlack, supra.* The appellant has failed to establish a gift and there is no evidence to support the existence of a trust. The decree of the trial court is therefore affirmed.

*Decree affirmed.*