(No. 25159.—

CHRISTINE SCHAACK, Admx., Appellant, *vs.* MARIE A. REITER *et al.* Appellees.

*Opinion filed October 13, 1939—Rehearing denied Dec. 6, 1939.*

GUNN, JONES, and FARTHING, JJ., dissenting.

ENGLAND, O'TOOLE & KAYS, for appellant.

JOSEPH A. RICKER, (G. A. BURESH, of counsel,) for appellees.

Mr. JUSTICE MURPHY delivered the opinion of the court:

Margaret Schaack filed a claim in the probate court of Cook county against the estate of Joseph J. Reiter, deceased. It was allowed and classified as a claim of the sixth class under section 70 of the Administration act. (Ill. Rev. Stat. 1937, chap. 3, par. 71.) Eight months thereafter, the claimant petitioned for a reclassification. The estate representatives opposed reclassification but the same was granted, and the claim was classified as of the fifth class. On appeal, the circuit court ordered the same classification. The Appellate Court for the First District reversed the judgment of the circuit court and directed that the claim be classified as one of the sixth class. Leave to appeal was granted by this court. After the hearing in the circuit court, Margaret Schaack died and the administratrix of her estate prosecuted this appeal.

The amount of the claim is not in controversy. The only questions presented are as to the proper classification

under section 70, and whether the probate court had jurisdiction to vacate the original order of classification.

The claim as prepared read: "To money loaned as per copy of receipt marked Exhibit 'A' attached hereto $12,000.00" and interest for six months at six per cent per annum. The attached exhibit recited:

"896                    Chicago, Ill., Mar. 18, 1930.
"Received of Margaret Schaack Thirteen Thousand Dollars for purchase of First Mortgage on property in Chicago, Ill., Chicago, Cook county, Illinois. This receipt must be surrendered when said papers are delivered.
$13,000.00          (Signed) JOSEPH J. REITER."

Joseph J. Reiter, for a number of years prior to his death, had been engaged in the real estate, loan and insurance business in Chicago. The unsecured indebtedness of the estate so far exceeded the assets thereof that the sixth class claimants will receive but a small percentage of their claims. For several years the Reiter family and Margaret Schaack had been friends. In 1927, Mrs. Schaack closed a business transaction, the nature of which is not shown, and $26,366.81 was due her. The inference is that Reiter assisted her in closing this transaction; that sum from the transaction was left in his possession and the claim in controversy is for the balance thereof held by Reiter at the time of his death.

Appellant contends the money in Reiter's possession had been received by him under circumstances which amounted to a trust within the meaning of that word as used in the classification of fifth class claims under section 70 of the Administration act.

The only evidence bearing upon the circumstances or conditions under which Reiter received the original fund, and the capacity in which it was held by him to December 27, 1929, is the testimony of Mrs. Schaack and the book account kept by Reiter. On cross-examination, Mrs. Schaack said she left the money with Reiter in 1927 be-

cause he wanted to invest it in first mortgages. His account book showed receipt of the money March, 1927, and the withdrawal by Mrs. Schaack of $2000 the following April. From that time to December 12, 1929, she made other withdrawals, reducing the principal fund to $13,000. Reiter paid semi-annual interest at six per cent per annum on the balances remaining. The interest payment dates were March 27 and September 27 of each year. March 27, 1930, Reiter executed the receipt attached to the claim and sent it to Mrs. Schaack by mail. She testified that when she received the receipt she surrendered one of similar import of a larger amount. December, 1931, Mrs. Schaack withdrew $1000 but there was no exchange of receipts. After the execution and delivery of the receipt, Reiter continued to pay interest semi-annually at the same rate. The last payment of this was on March 27, 1936, and he died prior to the next interest-paying date. Mrs. Schaack made no demand for any mortgages and none was delivered. Mortgages owned by Mrs. Schaack, which had no connection with the fund in controversy were left with Reiter. He collected the interest, surrendered the interest notes to the makers and remitted the collections to her. It does not appear Reiter received any compensation for his services and no charges were made on his books.

Section 70 of the Administration act directs the classification of all demands against the estate of any testator, or intestate, into six classes. The fifth classification is: "Where the deceased has received money in trust for any purpose, his executor or administrator shall pay out of his estate the amount thus received and not accounted for." It was held in *Wilson* v. *Kirby,* 88 Ill. 566, that the words "in trust for any purpose" were not inclusive of every case where money or property had come into the possession of a person by reason of a confidence or trust reposed. In the broadest sense of the term it would include factors,

agents, etc., but it was used in a restricted sense and referred only to special or technical trusts, and did not include those which the law implies from the contract. This construction was followed in *Svanoe* v. *Jurgens,* 144 Ill. 506, *Shipherd* v. *Furness,* 153 id. 590, and *Felsenthal* v. *Kline,* 214 id. 121. This character of trust arises from the direct and positive action of the parties. Those actions may be evidenced by written instrument, words expressed, or both. One of the essential elements to the creation of such a trust is the intent of the parties. Before there can be an express or technical trust, there must be proof of circumstances which clearly evidences an intention to create a trust. In the instant case, there is no evidence indicating an intention on the part of Reiter and Mrs. Schaack to create a trust at the time the original fund came into his possession in March, 1927. Mrs. Schaack's statement that Reiter wished to keep the money to invest in first mortgages, does not establish an intent on the part of both that he should hold the money in trust for a particular purpose. Reiter's possession for the purpose of investing in first mortgages is consistent with a loan of the money by Mrs. Schaack to him, or the establishment of an agency whereby he was to purchase mortgages for her. The mere relationship of debtor and creditor or of principal and agent, does not furnish a basis for the establishment of a trust of the character contemplated in section 70 of the Administration act.

Reiter's possession of the money did not change in character from the time he received it in March, 1927, until March, 1930. During this interval he retained possession and paid the interest semi-annually. March 27, 1930, he executed the receipt, and appellant's contention for a preferred classification rests upon these words therein, "for purchase of first mortgage of property in Chicago," together with the fact that the receipt should be surrendered when the papers were delivered. The recital in

the receipt that the money was received for purchase of first mortgage on property in Chicago is consistent with the relationship of principal and agent or that of broker. The management of the fund, and the nature of the transactions between the parties, was not changed after the issuance of the receipt from what it was prior thereto. The proviso that the receipt should be surrendered when the papers were delivered was also consistent with either of the above relationships.

Appellant relies upon *People* v. *Bates,* 351 Ill. 439, and calls attention to the similarity of the receipt before us to the one issued by the bank to the claimant in that case. She points to the statement of the court therein that the receipt given to Mrs. Bates specifies the purpose for which the money was left and conclusively impresses it with a trust. In the *Bates case* we were not dealing with the classification of claims in a probate matter, but we were only determining whether the claimant, as against the receiver, was, in equity, entitled to a preference. The way the parties in the instant case considered and handled the fund over a period of years readily distinguishes it from the *Bates case.* The management and disposition of the fund in the *Bates case* were handled by the bank without the knowledge or consent of Mrs. Bates. Reiter's exclusive possession, handling of the funds and payment of interest, were with the knowledge and approval of Mrs. Schaack. In determining whether the parties intended to create an express or technical trust, we may look to their acts in the management and payment of the funds as well as to the receipt which was issued. The method adopted by the parties in dealing with the funds clearly negatives any intention to create a trust. The Appellate Court properly classified the claim as of the sixth class.

It is urged that the probate court, after the expiration of thirty days from the date of entering the original order for classification, lost jurisdiction to vacate the order and

reclassify the claim. Under the views expressed on the first question presented, the latter question becomes immaterial.

The judgment of the Appellate Court was correct, and **is** affirmed.

*Judgment affirmed.*

Mr. JUSTICE GUNN, dissenting:

I dissent from the majority opinion. The writing set out in full and signed by Reiter includes all the elements of an express trust. It specifies a property, the name of the beneficiary and her interest and the manner in which the trust is to be executed. We have held an instrument in writing, including the foregoing, creates an express trust. (*People* v. *Chicago Bank of Commerce,* 371 Ill. 396.) In *Marble* v. *Estate of Marble,* 304 Ill. 229, quoting from Perry on Trusts the court, on page 240, says: "In section 82 it is said that 'there is no particular formality required or necessary in the creation of a trust. Any agreement or contract in writing made by a person having power of disposal over property, whereby such person agrees or directs that a particular part of property or a certain fund shall be held or dealt with in a particular manner for the benefit of another, in a court of equity raises a trust in favor of such other person against the person making such agreement, or any other person claiming under him, voluntarily or with notice.' " The fact that Reiter, prior to delivering the writing, had been in possession of a larger sum belonging to appellant, which had been treated between them as a loan, is not material as it was competent for the parties to change that situation and bring into effect the trust relationship by the giving and acceptance of the instrument in question. This writing established the trust relationship and the burden is upon the trustee to discharge it. It is claimed the acceptance of $1000 by appellant, from Reiter, which was credited upon the amount included in

the writing, and other money claimed to be interest upon the balance unpaid, shows the whole transaction to have been a loan. Reiter had in his possession other mortgages of appellant, on which he collected and remitted payments of principal and interest. There is nothing in the record that indicates appellant waived the rights she acquired by the writing or that she had information that Reiter had not invested the money in a first mortgage as specified. Reiter recognized the importance of the paper he delivered by requiring it to be surrendered when he delivered the mortgage or mortgages. It is not the law that a trust relationship declared in writing, can be discharged by the actions of the trustee alone. It is my opinion that the relationship between the appellant and Reiter, existing prior to March 18, 1930, was deliberately changed and new relationship substituted and created by the written instrument in question. After it was executed Reiter held the money for only one purpose and that was to purchase first mortgages on Chicago property. If he had used the money he acknowledged he had on hand, and invested it in a mortgage taken in his own name, it cannot be doubted that a trust would be impressed upon such property in favor of appellant. With nothing in the record to establish that appellant knew how Reiter was handling the funds, she had a right to assume that he had invested it in a first mortgage as he had agreed. In my opinion an express trust was created which would entitle appellant to have a claim allowed against Reiter's estate, of the fifth class.

I think the judgment of the lower court should be reversed.

JONES and FARTHING, JJ., concur in this dissenting opinion.