In re Estate of Van Seymour Brokaw, Deceased.
Ona B. Earll, Appellant, v. Helen Imhof Brokaw, Executrix of Estate of Van Seymour Brokaw, and Burlington Safe Deposit Company, Appellees.

Gen. No. 44,825.

Opinion filed January 23, 1950. Released for publication February 3, 1950.

HAIGHT, GOLDSTEIN & HAIGHT, of Chicago, for appellant; CHARLES H. LERCH, of Chicago, of counsel.

IMMEL & IMMEL, of Chicago, for appellee; JOSEPH P. IMMEL, of Chicago, of counsel.

MR. JUSTICE FEINBERG delivered the opinion of the court.

The executrix filed her petition in the probate court of Cook county, making Ona B. Earll respondent, to have determined the ownership of the contents of a safety deposit box rented by the deceased during his lifetime. Upon a hearing in the probate court, the petition was disallowed and the safe deposit company directed to turn over the contents of said box to the respondent. Upon appeal to the circuit court, the cause was heard upon a stipulation of facts and a decree entered finding the property was the sole property of the deceased and belonged to the estate of the deceased; that there was no joint tenancy or right of survivorship created as to said property, nor was there a gift *inter vivos* or *causa mortis* between the deceased and the respondent, and directed the respondent to deliver the contents of said box to the executrix, from which decree this appeal is prosecuted.

From the stipulation of facts it appears that on December 5, 1942, deceased rented a safety deposit box of the Burlington Safe Deposit Company and signed a rental agreement, the pertinent provision of which is:

"This lease for the above described box is signed by two or more lessees and constitutes a separate rental to each; and either, all, or any of them, jointly and severally, shall have full access to and control of the contents of said box without further authority. The lessor shall not be liable in any event should any of the contents of said box be misappropriated by one or more of those having access. It is hereby declared that each of the lessees has such interest in the entire contents of said box as to entitle him or her to possession thereof without liability to anyone for misappropriating same. Each or all of the lessees may appoint a deputy to have access to or to surrender said box";

that he forwarded the rental agreement to respondent for her signature, which she signed and returned to the

safety deposit company; that deceased paid the rental for the box for the year commencing December 5, 1942, and respondent paid the rental from December 5, 1943, to date; and that respondent contributed nothing to the contents of said safety deposit box.

The controlling question is whether this rental agreement, together with the letters written by deceased to respondent, made a part of the stipulation, constitutes an instrument in writing within the requirement of section 2 of the Illinois Revised Statutes, 1947, ch. 76, par. 2 [Jones Ill. Stats. Ann. 70.03].

On February 7, 1943, deceased wrote to respondent:

"Have intended writing you about the deposit box in Chicago. You have the key. It has $4500.00 in Liberty Bonds and $600. in cash. Also two savings deposit books on two banks in Chicago with $500. or over in each. *My idea in having the box in joint ownership was that if I did not get back I wanted you to have what is in there.* Helen is well taken care of in insurance, etc. . . ." (Italics ours.)

On August 8, 1943, while in the military service deceased wrote to respondent:

"As it now stands you have equal access to the box as I have and in case I should pass out you would be the only one. The bonds are negotiable so nothing more is required. Several of our men in Chicago handle their deposit boxes the same way and for that reason. . . ."

On January 24, 1946, respondent wrote to deceased:

"I would never say anything more to you about the contents of the safety box in Ch'go, but you really did not make very good provision about handling its contents in case I would have it to do. The stock and bank deposits could only be disposed of by your legal heir, or heirs. You should either make a will, or give some one in the family your power of attorney. . . ."

It appears from the stipulation that on December 26, 1942, very shortly after renting the safety deposit box, deceased executed a will in which he named his wife, the executrix, as sole legatee and devisee of all his property. This will was not changed notwithstanding the letter of respondent to deceased dated January 24, 1946, in which she called attention to the unsatisfactory provision about handling the contents of the safety deposit box in the event she would have to do it.

The section of the statute referred to reads:

"Except as to executors and trustees, and except also whereby will or other instrument in writing expressing an intention to create a joint tenancy in personal property with the right of survivorship, the right or incident of survivorship as between joint tenants or owners of personal property is hereby abolished. . . ."

 That there was no gift *inter vivos* or *causa mortis* upon the facts disclosed is clear. It lacked the following necessary elements: (1) the gift must be completed with nothing left undone; (2) the property must be delivered by the donor and accepted by the donee; and (3) the gift must go into immediate and absolute effect; and with a gift *inter vivos* it must be unconditional. *Suchy v. Hajicek*, 364 Ill. 502, 511. A gift *causa mortis* is revoked by the recovery of the donor. *Williams v. Anderson*, 288 Ill. App. 149, 154.

 It is conceded by respondent that the rental agreement in and of itself does not create a joint tenancy with right of survivorship as to the contents of the safety deposit box, but she contends that the rental agreement and the letters of deceased together constitute a written instrument within the meaning of the statute sufficient to create a joint tenancy with right of survivorship. The contention of respondent has been overruled in the case of *In re Estate of Wilson*, 404 Ill. 207. The letter written by deceased dated

February 7, 1943, so strongly relied upon by respondent as creating a joint tenancy with right of survivorship, was nothing more than a declaration by deceased of what he thought the rental agreement meant, and his statement in the letter that ''if I did not get back I wanted you to have what is in there'' is nothing more than an attempted testamentary disposition without compliance with the statute on wills while retaining absolute control over his property. The Supreme Court in *In re Estate of Wilson, supra,* at p. 216, said this cannot be done. We hold that the reasoning in the *Wilson* case, at p. 212, is applicable to the documents here relied upon as creating a joint tenancy. It was there said:

''We think the statute authorizes personal property to be held in joint tenancy with the right of survivorship only as an exception to the general provision abolishing survivorship in personal property in such cases. To create the incident of survivorship the parties must comply with the statute. There must be a transfer to the joint tenants of personal property. It must be identified and described. The transfer must be by written instrument specifying such to be the purpose, and finally, if the property transferred is money or currency, the amount must be specified at the time title passes to the joint tenants. There is no principle of which we are aware which permits the transfer of undefined amounts of money, varying from time to time, by the mere designating of one party to a contract of renting as 'joint tenants with right of survivorship.' The legislature never intended the words 'instrument in writing' to be other than what is ordinarily required for the purpose.''

It will be noted that in the *Wilson* case the rental agreement by direction of the parties had stamped

thereon "joint tenants with right of survivorship," not present in the rental agreement in the instant case.

The decree of the circuit court is affirmed.

*Affirmed.*

Tuohy, P. J., and Niemeyer, J., concur.