BERNYCE E. SAMUEL, Plaintiff-Appellant, *v.* NORTHERN TRUST Co. *et al.,* Defendants-Appellees.

(No. 61188; ▮▮▮▮▮▮▮)

First District (1st Division)—December 1, 1975.

Ross S. Welch, of Chicago, for appellant.

Notz, Craven, Mead, Maloney & Price, of Chicago (Edward U. Notz, of counsel), for appellees.

Mr. JUSTICE EGAN delivered the opinion of the court:

The plaintiff, Bernyce E. Samuel, appeals from an order which granted the defendant's motion to strike her second amended complaint. The sole issue is whether the complaint states a cause of action.

The defendant, Northern Trust Company, is the executor of the estate of Alfred C. Knudson. The complaint in issue alleged as follows: Late in 1973, the decedent, Alfred C. Knudson, told the plaintiff that he had set aside money for her in his safe deposit box; at the time of this communication he was suffering from cirrhosis of the liver; this condition was known to him at that time; shortly thereafter he died as a result of that ailment; after his death, an envelope marked "Property of Bee [the plaintiff's nickname] Samuel," containing $10,000 in cash was found in the decedent's safe deposit box. Attached to the complaint as an exhibit was an envelope from the safe deposit division of the Continental Bank

of Chicago. The words "Property of" were form-printed and were followed by the hand-printed name "Bee Samuel." The name, "Alfred C. Knudson" was written on the envelope; the complaint alleged that his name was written on the envelope by the decedent. The decedent's will did not mention the plaintiff; and the executor included the money in the envelope as part of the assets of the estate.

The plaintiff's original complaint was brought against the defendant as executor of Knudson's estate alleging that the defendant held the property as constructive trustee for the benefit of the plaintiff. The plaintiff's first amended complaint also named the defendant only as executor and alleged that the facts supported a gift *causa mortis* or, in the alternative, a trust, of unspecified nature, of which the decedent was the trustee and the plaintiff was the beneficiary. The second amended complaint, in addition to naming the defendant as executor and alleging a gift or trust, alleged that the defendant individually committed a tort "by wrongfully and without right" taking the $10,000 into the estate of Knudson.

■■ The plaintiff first contends that the trust company defendant failed to file an appearance individually and, therefore, should have been defaulted. The only record filed with this court is the common law record, and it contains no motion of the plaintiff asking for a default judgment against the trust company individually. The plaintiff cannot raise this point for the first time on appeal. (*Burdin v. Jefferson Trust & Savings Bank*, 133 Ill.App.2d 703, 269 N.E.2d 340.) The plaintiff also contends that the motion for default was argued orally at the hearing on the motion to strike. However, since the plaintiff has failed to provide a report of proceedings of the hearing, her argument is not subject to review by this court. *La Pierre v. Oak Park Federal Savings & Loan Association*, 21 Ill.App.3d 541, 315 N.E.2d 908.

■■ The plaintiff next contends that the alleged act of the decedent was sufficient to create an enforceable gift *causa mortis*. The law governing gifts *causa mortis* was recently summarized by this court (*In re Estate of Vardalos*, 24 Ill.App.3d 520, 524, 320 N.E.2d 568):

"A gift *causa mortis* is effected only if the following conditions are met: The donor must be stricken with some disorder which makes death imminent (*Taylor v. Harmison*, 79 Ill.App. 380, affirmed, 179 Ill. 137, 53 N.E. 584); death of the donor must ensue as a result of the disorder existing at the time the gift was made without any intervening perfect recovery (*In re Estate of Brokaw*, 339 Ill.App. 353, 90 N.E.2d 300); the gift must have been made to take effect only in the event of the donor's death by his existing disorder (*In re Estate of Meyer*, 317 Ill.App. 96, 45 N.E.2d 495);

and there must have been an actual delivery of the subject of the donation to the donee. *Williams v. Chamberlain,* 165 Ill. 210, 46 N.E. 250."

██ This complaint fails to allege any facts which would establish that the gift was to take effect in the event of Knudson's death from his existing disorder. But most important, no facts were pleaded which would prove the essential element of delivery, either actual or constructive. In order to constitute the delivery of a gift *causa mortis,* the thing must be delivered to the donee or a third person for the donee's benefit in such a way that the donor parts with all control over it. (*Barnum v. Reed,* 136 Ill. 388, 398, 26 N.E. 572; *Barnes v. People,* 25 Ill.App. 136, 139.) The only act of delivery that can be inferred from the allegations is the placing of the money in a safe deposit box in an envelope with the plaintiff's name on it. The decedent did not give the key to the safe deposit box to the plaintiff nor to any third party in her behalf (compare *Oliver v. Crook,* 321 Ill.App. 55, 52 N.E.2d 453); nor did the decedent give any written authority to the plaintiff or anyone else to exercise control over the box. (Compare *In re Estate of Vardalos,* 24 Ill.App.3d 520, 320 N.E. 2d 568.) At any time the decedent could have gone into the box and disposed of the money in any way he saw fit. Thus, he did not part with all control over the money and thus did not make a delivery. (Compare *Hagemann v. Hagemann,* 204 Ill. 378, 68 N.E. 381.) While it appears that the decedent intended that the plaintiff receive this property, intent alone is not sufficient proof of a gift *causa mortis. Williams v. Chamberlain,* 165 Ill. 210, 217, 46 N.E. 250; *In re Estate of Waggoner,* 5 Ill.App.2d 130, 137, 125 N.E.2d 154.

██ The only distinction between a gift *inter vivos* and a gift *causa mortis* is that possession and title must pass to and vest irrevocably in the donee of a gift *inter vivos.* A gift *causa mortis* may be revoked by a condition subsequent, the recovery of the donor. (*Barnum v. Reed,* 136 Ill. 388, 398, 26 N.E. 572.) Delivery of the subject of the gift or acts equivalent to a delivery are necessary to the validity of all gifts, whether *inter vivos* or *causa mortis.* (*Williams v. Chamberlain,* 165 Ill. 210, 218, 46 N.E. 250.) The plaintiff has cited law review articles condemning the requirement of delivery. Whether "delivery is but a remnant of a primitive period in our jurisprudence" is not for an intermediate court of review to say in the face of clear expressions to the contrary by our Supreme Court. See *Pocius v. Fleck,* 13 Ill.2d 420, 427, 150 N.E.2d 106.

We note that the case from another jurisdiction cited by the plaintiff adhered to the general rule requiring delivery for a valid gift *causa mortis.* (*MacKenzie v. Steeves* (1917), 98 Wash. 17, 167 P. 50.) In that

case, the decedent on his death bed said to the plaintiff, *"I give you my automobile."* (Emphasis added.) Immediately thereafter the plaintiff took the automobile. We have no quarrel with a finding of delivery under those facts.

The Illinois case principally relied upon by the plaintiff (*In re Estate of Field*, 99 Ill.App.2d 235, 240 N.E.2d 765) does not support the plaintiff's position. In that case the father loaned his son $90,000 to purchase a home and took a note in return. The note was deposited in the father's deposit box. Subsequently, the father told others that he had given the home to his son as an anniversary gift. Later, the father instructed a member of the board of directors of his corporation to cancel the note. The director then called an accountant and told him to remove the note from the decedent's box at the bank as quickly as possible. That accountant and the director were authorized to enter the safe deposit box. Before the accountant could carry out the director's order, the father died unexpectedly. The appellate court held that the director was the agent of the son as well as the father and that the father's death did not terminate the agency he had created on his son's behalf. The court further held that the father had made effective delivery of the $90,000-note by "renouncing all control over the note." (99 Ill.App.2d 235, 242.) Such are not the facts of this case. No facts are alleged which would establish that the decedent had renounced all control over the $10,000. We judge, therefore, that the plaintiff failed to allege a gift *causa mortis*.

■■ The plaintiff next contends that the acts alleged created a trust wherein the decedent was the settlor and trustee and the plaintiff was the beneficiary. Trusts are either express or implied. Implied trusts are divided into resulting and constructive trusts. Although the term "implied trust" has been used to designate an express trust arising from construction of language, we prefer to restrict the meaning of the term and regard all trusts, oral or written, other than resulting or constructive trusts as express trusts. *Sears v. First Federal Savings & Loan Association*, 1 Ill.App.3d 621, 627, 275 N.E.2d 300.

In the original complaint, which was stricken, the plaintiff alleged that the decedent had made a "valid gift to the plaintiff" and that the executor held the money as "constructive trustee for the plaintiff." In the first amended complaint the plaintiff alleged that the decedent "created a valid trust whereunder said deceased was the trustee and the plaintiff was the sole beneficiary." That complaint was also stricken. While some confusion exists in the record and from oral arguments in this court, we judge that the plaintiff is now pleading an express trust. In her reply brief she stated in response to a case cited by the defendant: "[S]uch case is largely concerned with constructive trusts and has little or noth-

ing to do with plaintiff's case which involves an express oral trust." In any event, suffice it to say that the facts alleged in this complaint could not support a finding of a resulting or constructive trust.

■■■ An express trust is one which is created in express terms in a deed, writing, or will, or which arises from the direct and positive action of the parties evidenced by written instruments, words expressed, or both. (*Sears v. First Federal Savings & Loan Association*, 1 Ill.App.3d 621, 627, 275 N.E.2d 300; *Schaack v. Reiter*, 372 Ill. 328, 23 N.E.2d 714.) For the existence of an express trust there must be an intention to create a trust; and to establish an express oral trust the acts or words relied on must be unequivocal, admitting of but one interpretation, and manifesting a completed transaction. (*Trubey v. Pease*, 240 Ill. 513, 521, 88 N.E. 1005; *Harris Trust & Savings Bank v. Morse*, 238 Ill.App. 232, 244.) The acts or words alleged in this complaint are not unequivocal; and they admit of an interpretation that the decedent intended to make a gift and not to create a trust.

■■ The settlor may declare a trust and make himself the trustee, but there is no allegation of such a declaration here. (*Farkas v. Williams*, 5 Ill.2d 417, 425, 125 N.E.2d 600.) There must be a completed separation and transfer of the legal interests from the beneficial interests. This complaint alleges no such separation, since the decedent retained unlimited control over the property with no corresponding enforceable beneficial interest in the plaintiff. (See *Lindner & Boyden Bank v. Wardrop*, 291 Ill.App. 454, 458, 10 N.E.2d 144, *aff'd*, 370 Ill. 310, 18 N.E.2d 897.) It is clear from the pleadings that no trust was intended but rather a gift. But where a gift fails because all of the steps to complete the gift were not fulfilled, the courts will not intrude and complete the gift by impressing a trust upon the transaction where none was intended. (*Trubey v. Pease*, 240 Ill. 513, 523, 88 N.E. 1005.) For these reasons we judge that the complaint failed to allege the decedent created any trust.

■■ Finally, the complaint is entirely conclusory with respect to the tort claim. Moreover, it is based on the supposition that the defendant was holding property of the plaintiff's, who was the rightful owner as donee or beneficiary of a trust. Since the pleadings show that she was neither donee nor beneficiary, the defendant could not wrongfully withhold the property from her.

For these reasons we judge that the complaint failed to state a cause of action under any of the three theories advanced by the plaintiff. The order of the circuit court is affirmed.

Order affirmed.

BURKE, P. J., and GOLDBERG, J., concur.