NO. 4-04-0093

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

In re: the Estate of RICHARD W.

GABBETT, Deceased, JUDITH K. LANDERS, as Legatee,

          Petitioner-Appellant and               Cross-Appellee,

          v.

ROBERT L. RAY, as Legatee,

          Respondent-Appellee and                Cross-Appellant,

          and

W. THOMAS RYDER, as Coexecutor,                 Petitioner-Appellee.

)

)

)

)

)

)

)

)

))))

Appeal from

Circuit Court of

Jersey County

No. 02P67

Honorable

Lois A. Bell,

Judge Presiding.

_________________________________________________________________

JUSTICE McCULLOUGH delivered the opinion of the court:

On November 17, 2002, Richard W. Gabbett, died testate, leaving behind approximately 220 acres of land located in Mississippi Township, Jersey County, Illinois.  Gabbett's will named Robert L. Ray, his nephew, and W. Thomas Ryder as coexecutors of the estate.  On August 6, 2003, Judith K. Landers, Gabbett's daughter, filed a petition asking the trial court to direct Ray and Ryder to distribute "Gabbett Land Trust Beneficial Interests," and referencing the land located in Mississippi Township, Jersey County, Illinois.  On January 12, 2004, the court denied Lander's petition, finding "decedent died being the true record title owner of the real estate."  Landers appeals, arguing that the court erred by finding Gabbett did not "effectively" convey the property into a land trust.  We affirm. 

Gabbett's will, dated December 1, 1982, contained the following bequest to Ray: 

"I make the following specific bequests:

1. I give the real estate that I own in Mississippi Township, Jersey County, Illinois plus all farm machinery, farm livestock, growing or stored grain, and all farm tools to my nephew, ROBERT L. RAY.  ROBERT L. RAY has worked on the farm with me in recent years and I know that he will continue to operate the farm after my death.  This gift is made in appreciation of his help and kindness to me."

Gabbett left the residue of his estate to his daughters, Landers and Joanne M. Ringhausen.

On December 2, 2002, the trial court appointed Ray and Ryder as coexecutors of Gabbett's estate and ordered them to file an inventory within 60 days.  On March 12, 2003, Ray and Ryder filed an inventory "of the real and personal estate of the decedent."  On June 5, 2003, Ryder filed a petition seeking "court direction."  Ryder stated he had "received information of the existence of certain documents relating to a Land Trust involving the Farm Property in a file of Attorney Gail Gisy's being held at Attorney George P. Wittman's Office."  Ryder reviewed the contents of the file held by Wittman.  Ryder found "an original signed Land Trust Agreement, an original signed, but unrecorded Quit Claim Deed, and other documents."  Ryder attached copies of the documents to his petition.

On August 6, 2003, Landers filed a petition asking the trial court to direct Ray and Ryder to distribute "Gabbett Land Trust Beneficial Interests," asserting that the "beneficial interests" were "personal property and *** pass under the residuary provisions of the decedent's will."

The record shows the following.  On November 21, 1979, Gabbett appeared in Gisy's law office and signed multiple documents.  A document titled "DEED IN TRUST" purported to transfer the land located in Mississippi Township, Jersey County, Illinois, into "the GABBETT LAND TRUST" via quitclaim deed.  The document identified Gabbett as the grantor and the trustee "under the provisions of a TRUST AGREEMENT" dated November 21, 1979.  The deed was not recorded.  

The "TRUST AGREEMENT" also identified Gabbett as trustee and as sole beneficiary.  In addition, the agreement provided that "the total number of shares in said trust shall consist of 5720 shares."  

Gabbett signed four trust certificates and two "ASSIGNMENT OF INTEREST IN LAND TRUST" documents.  The documents identified Gabbett as the owner of "5720 shares in certain property in said Land Trust."  Gabbett assigned three shares to each of his daughters.  Following Gabbett's death, Ryder "received information" of the existence of the various documents located in a file in Wittman's law office. 

On January 1, 1980, Gabbett appeared in Ryder's law office and entered into a "JOINT VENTURE AGREEMENT" with Ray to "carry on, as joint venturers, a livestock and grain farming operation for profit."  The agreement identified Gabbett as "the owner of 220 acres located in Section 10, Mississippi Township, Jersey County, Illinois."  Further, the agreement recited that "[l]egal title to the real estate *** acquired prior to the date of this agreement *** shall remain in [the] name of Richard W. Gabbett." 

The record shows three additional trust certificates and two additional "ASSIGNMENT OF INTEREST IN LAND TRUST" documents signed by Gabbett on December 16, 1980.  Gabbett assigned three additional shares "in certain property in said Land Trust" to each of his daughters.  These documents were also found in the file held by Wittman. 

On September 1, 1982, Gabbett signed his will, giving "the real estate that I own in Mississippi Township, Jersey County, Illinois," to Ray.

After November 21, 1979, Gabbett continued to file his own individual income tax returns and did not file fiduciary income tax returns as trustee.

Following a hearing, the trial court denied Lander's petition, stating:

"The property was never treated by the decedent as being held in trust.  He never filed fiduciary income tax returns.  There is no evidence he distributed income to the holders of beneficial interests.  It is further evidenced by his recitals in the joint venture agreement and in his last will that he, and not the trust, was the owner of the real estate."

The court found "decedent died being the true record title owner of the real estate."

This appeal followed.    

Landers argues that the trial court erred by concluding that Gabbett died "being the true record title owner of the real estate."  Specifically, she challenges the court's conclusion that Gabbett did not "effectively" convey the property into a land trust. 

A conveyance of real property does not occur merely through the execution of a deed.  The grantor must also deliver the deed, and the grantee must accept it.  
Seibert v. Seibert
, 379 Ill. 470, 477-78, 41 N.E.2d 544, 547 (1942); 
In re Estate of Wittmond
, 314 Ill. App. 3d 720, 724, 732 N.E.2d 659, 662 (2000).

Delivery of a deed is essential to complete a conveyance, and although no particular method of delivery is required (
McClugage v. Taylor
, 352 Ill. 550, 557, 186 N.E. 145, 148 (1933)), the grantee must affirmatively show that the grantor's words or conduct evinced an intent to pass title at the time of the purported delivery (
Foster v. Foster
, 273 Ill. App. 3d 106, 110, 652 N.E.2d 350, 353 (1995), citing 
Seibert
, 379 Ill. at 478, 41 N.E.2d at 547).  

"[P]lacing a deed in the hands of a grantee does not constitute delivery where it is shown the intention of the parties was that it was not to become operative immediately and where such intention is evidenced by continued acts of ownership and operation." 
Seibert
, 379 Ill. at 478, 41 N.E.2d at 547.  

Citing 
Whittaker v. Stables
, 339 Ill. App. 3d 943, 791 N.E.2d 588 (2003), Landers contends she need not provide evidence of delivery because the various instruments named Gabbett as sole grantor and sole grantee.  Therefore, "delivery and acceptance *** is automatic[]."  Such a presumption is contrary to the

long-standing rule that no delivery is presumed where the grantor retains possession of the deed.  See 
Dunn v. Heasley
, 375 Ill. 43, 48, 30 N.E.2d 628, 631 (1940); 
Wittmond
, 314 Ill. App. 3d at 725-26, 732 N.E.2d at 663. 

In 
Whittaker
, the appellate court held that a letter created by a single individual serving as grantor and grantee satisfied the requirements to amend a trust "[i]n terms of 'delivery.'"  
Whittaker
, 339 Ill. App. 3d at 948, 791 N.E.2d at 592.  Whether the grantor intended to pass title at the time of delivery was not at issue.

We note that this case presents a unique situation.  At the time of the purported delivery, Gabbett not only served as sole grantor and sole trustee, but also as sole beneficiary.  The parties do not cite to a case in which the same person was at the same time sole grantor, sole trustee, and sole beneficiary.  In 
Wilson v. Harrold
, 288 Ill. 388, 391, 123 N.E. 563, 564 (1919), our supreme court held that the same individual cannot be at the same time sole trustee and sole beneficiary of the same identical interest.  

Although a settlor may create a trust of personal property whereby he names himself as trustee and acts as such for the beneficiary (
Farkas v. Williams
, 5 Ill. 2d 417, 425, 125 N.E.2d 600, 605 (1955)), and a grantor/trust settlor may also be a beneficiary of a land trust (
Wittmond
, 314 Ill. App. 3d at 725, 732 N.E.2d at 663), there must be a completed separation and transfer of the legal interests from the beneficial interests  (
Samuel v. Northern Trust Co.
, 34 Ill. App. 3d 500, 505, 340 N.E.2d 162, 166 (1975)).  In the present case, Gabbett remained in possession of the land and exercised complete control over it for his own benefit.  A trust cannot exist when the legal and beneficial interests are in the same person.

Further, the record does not show that Gabbett intended to pass title at the time of the purported delivery.  Immediately after the execution of each of the various documents, Gabbett continued to deal with the land as if he owned the property absolutely.  He continued to file his own individual income tax returns and did not file fiduciary income tax returns as trustee.  The record does not show any other individual filed taxes on income generated by the farm.  Gabbett entered into a "JOINT VENTURE AGREEMENT" identifying himself as "the owner of 220 acres located in Section 10, Mississippi Township, Jersey County, Illinois."  The agreement recited that "[l]egal title to the real estate *** shall remain in name of Richard W. Gabbett."  On September 1, 1982, Gabbett signed his will giving "the real estate that I own in Mississippi Township, Jersey County, Illinois," to Ray.  An absolute owner may dispose of his property during his lifetime in any manner he sees fit.  
Farkas
, 5 Ill. 2d at 422, 125 N.E.2d at 603.

Further, the deed of conveyance was found in the possession of a third party (Wittman) following Gabbett's death.  The sole testimony at hearing was that Landers was present in Gisy's law office on November 21, 1979, and she observed her father sign the various documents.  The record does not show whether Gabbett left the deed with Gisy without the right to reclaim it or how the documents were relocated to Wittman's law office.   

Accordingly, the trial court's finding that "decedent died being the true record title owner of the real estate" is not against the manifest weight of the evidence.

Because we affirm the trial court's order, we need not address respondent's cross-appeal.

For the reasons stated, we affirm the trial court's judgment. 

Affirmed.

TURNER and STEIGMANN, JJ., concur.